UNITED STATES DISTRICT COURTS
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES JOHNSON, ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | NO. 6:17-cv-01656 |
| ) | |
| vs. ) | |
| ) | |
| CABOT CORPORATION ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT CABOT CORPORATION'S ANSWER TO ORIGINAL COMPLAINT

COMES NOW, Defendant Cabot Corporation, through undersigned counsel, submitting this answer and defenses to Plaintiff's Original Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages as required by law.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiff's claims are based upon actions alleged to have occurred prior to the requisite time allowed for the filing of a charge of discrimination with the Equal Employment Opportunity Commission or comparable state agency, or asserts claims not presented administratively, such claims are barred and subject to dismissal.

## FIFTH AFFIRMATIVE DEFENSE

The damages recoverable by Plaintiff are limited by statute.

## SIXTH AFFIRMATIVE DEFENSE

Defendant did not illegally discriminate or retaliate against Plaintiff, intentionally or otherwise; any employment-related actions taken against Plaintiff were for nondiscriminatory and non-retaliatory reasons, legitimate business reasons, and/or reasonable factors other than race, or any other unlawful basis.  In the alternative, Defendant would have taken the same employment-related actions against Plaintiff in the absence of any impermissible factors.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's conduct complained of by Plaintiff was not willful.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively states that it made a good faith effort to follow the law.

## NINTH AFFIRMATIVE DEFENSE

Defendant's conduct was not malicious, recklessly indifferent, wanton, and did not manifest an aggravated disregard for Plaintiff's rights.

## TENTH AFFIRMATIVE DEFENSE

For purposes of any claim for punitive damages based on the allegations contained in the Complaint, which are at all times denied, Defendant cannot be held liable and subject to an award of punitive damages because such alleged actions are contrary to Defendant's good faith efforts to comply with all applicable laws.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has or intends to make a claim for liquidated or punitive damages, any such claim is barred by state law, the United States Constitution, and/or the Louisiana Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

Statutory damage capping provisions apply to limit Plaintiff's recovery of punitive or compensatory damages under Title VII.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's acts and practices were not in violation of law and therefore Defendant is entitled to reasonable attorney's fees and court costs from Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

No act or omission which can be attributable to Defendant constitutes conduct rising to the requisite level of outrageousness to support a claim for intentional infliction of emotional distress.

## FIFTEENTH AFFIRMATIVE DEFENSE

While denying all of the allegations of Plaintiff's claims regarding liability and damages allegedly sustained by Plaintiff, to the extent that Plaintiff may be able to prove any fault on the part of Defendant, Plaintiff's claims are either completely or substantially barred due to after acquired evidence, any recovery to which Plaintiff might otherwise be entitled must be appropriately offset.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to articulate additional defenses of which it may become aware during the course of litigation.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## AND ANSWER TO COMPLAINT

Without waiving the foregoing affirmative and other defenses, Defendant responds to the allegations of the Original Complaint paragraph-by-paragraph as follows:

I.

Defendant denies the allegations contained in Paragraph 1. of the Complaint for lack of knowledge or information sufficient to justify a belief therein except to state that Plaintiff was previously employed by Defendant.

II.

Defendant admits the allegations contained in Paragraph 2. of the Complaint.

III.

Defendant admits the allegations contained in Paragraph 3. of the Complaint.

IV.

Defendant admits that venue is proper in this Court.

V.

Defendant admits the allegations contained in Paragraph 5. of the Complaint.

VI.

Defendant admits the allegations contained in Paragraph 6. of the Complaint.

VII.

Defendant admits the allegations contained in Paragraph 7. of the Complaint.

VIII.

Defendant admits the allegations contained in Paragraph 8. of the Complaint.

IX.

Defendant admits the allegations contained in Paragraph 9. of the Complaint.

X.

Defendant denies the allegations contained in Paragraph 10. of the Complaint.

XI.

Defendant denies the allegations contained in Paragraph 11. of the Complaint.

XII.

Defendant admits the allegations contained in Paragraph 12. of the Complaint.

XIII.

Defendant denies the allegations contained in Paragraph 13. of the Complaint.

XIV.

Defendant admits the allegations contained in Paragraph 14. of the Complaint except to deny for lack of information the date on which Plaintiff received his Notice of Right to Sue letter.

XV.

Defendant denies the allegations contained in Paragraph 15. of the Complaint.

XVI.

Defendant denies the allegations contained in Paragraph 16. of the Complaint.

XVII.

Defendant denies the allegations contained in Paragraph 17. of the Complaint.

XVIII.

Defendant is not called upon to admit or deny Plaintiff's request for damages or prayer for relief, however Defendant denies that Plaintiff is entitled to any of the relief prayed for in the Complaint.

WHEREFORE, Defendant, Cabot Corporation, prays that its Answer and Defenses to Plaintiff's Original Complaint be deemed good and sufficient, and after due proceedings, judgment be entered in favor of Defendant against Plaintiff, dismissing all of Plaintiff's asserted claims, with prejudice, with costs and attorneys' fees assessed against Plaintiff.

Respectfully submitted, this 29th day of January, 2018.

 /s/ Charles H. Hollis
CHARLES H. HOLLIS  (La. #06961)
ALLISON A. FISH  (La. #36456)
The Kullman Firm
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone: 504-596-4148

**COUNSEL FOR DEFENDANT**
**CABOT CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of January, 2018, I electronically filed the foregoing document, using the CM/ECF Filing System, which will send notification of such filing to the following:

>Mr. Jason M. Baer
>Pandit Law Firm, LLC
>701 Poydras Street, Suite 3950
>New Orleans, LA  70139
>cdereus@panditlaw.com
>
>Michael Mahone, Jr.
>The Mahone Firm
>701 Poydras Street, Suite 3950
>New Orleans, LA  70139

>/s/Charles H. Hollis
>Counsel for Defendant